UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In re Application of CITY OF ALMATY for Order to Take Discovery Pursuant to 28 U.S.C. § 1782

Misc. Case No. 16-MC-00623-WFK-JO

Hon. James Orenstein

---

**DECLARATION OF DAVID J. SCHINDLER**

I, David J. Schindler, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am an attorney admitted to practice in the State of California and admitted to appear before this Court *pro hac vice*. I am a partner at the firm Latham & Watkins LLP, and I am lead counsel for Applicant City of Almaty ("Almaty") in this action. I submit this declaration in support of Almaty's Letter Motion for costs and fees (the "Letter Motion"), pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. I have personal knowledge of the statements herein, and if called upon to do so, could and would testify competently thereto.

2.  In preparing Almaty's Letter Motion for costs and fees, associates on my team obtained information from my law firm's accounting department pertaining to attorneys' fees and costs incurred by Almaty, specifically in connection with: (1) drafting an opposition brief in response to RPM-Maro LLC's and RPM USA, LLC's (collectively, "Respondents") motion to vacate the Court's Ex Parte Order pursuant to 28 U.S.C. § 1782 and quash Almaty's subpoenas ("Motion to Vacate and Quash"), which motion Respondents later abandoned, (2) preparing for and attending two pretrial status conferences regarding Respondents' abandoned motion, neither

1

of which Respondents' principals or officers attended, and (3) drafting the present cost and fees Letter Motion.

3. Attached as **EXHIBIT A** is a true and correct copy of Latham & Watkins' April 2016 invoice to Almaty.[1] Information unrelated to the fees and costs sought by Almaty in the Letter Motion and any attorney-client privileged information has been redacted.

4. Attached as **EXHIBIT B** is a true and correct copy of Latham & Watkins' May 2016 invoice to Almaty. Information unrelated to the fees and costs sought by Almaty in the Letter Motion and any attorney-client privileged information has been redacted.

5. Attached as **EXHIBIT C** is a true and correct copy of Latham & Watkins' November 2016 invoice to Almaty. Information unrelated to the fees and costs sought by Almaty in the Letter Motion and any attorney-client privileged information has been redacted.

6. Attached as **EXHIBIT D** is a true and correct copy of part of Latham & Watkins' December 2016 invoice to Almaty. Information unrelated to the fees and costs sought by Almaty in the Letter Motion and any attorney-client privileged information has been redacted.

7. Attached as **EXHIBIT E** is a chart created by my team to identify specific entries for which only partial time was billed toward researching and drafting Almaty's opposition brief in response to Respondents' Motion to Vacate and Quash.

8. Based on the above-mentioned invoices, the total fees and costs sought by Almaty relating to either (1) researching and drafting Almaty's opposition brief in response to Respondents' Motion to Vacate and Quash, (2) preparing for and attending the two pretrial status conferences, and (3) researching and drafting the present Letter Motion is $89,692.93.

---

[1] Attached to this Declaration are Latham & Watkins' invoices to Almaty for April 2016, May 2016, November 2016, and December 2016. By providing these invoices, Almaty is not waiving attorney client privilege, attorney work product, or any other applicable privilege.

2

9. The primary billing attorneys whose fees are sought include: myself (David Schindler), Robert Malionek, Julie Gerchik and Noah Fisher. Below is a breakdown of each attorney's billing rate:

   a. David Schindler: $1,200 per/hour

   b. Robert Malionek: $1,020 per/hour

   c. Julie Gerchik: $935 per/hour

   d. Noah Fisher: $715 per/hour

10. I have more than 29 years of experience practicing law in federal and state courts throughout the United States. I have represented companies, Board of Directors, and individuals in a broad array of matters, including government investigations, healthcare fraud and abuse, RICO, intellectual property, e-commerce and civil litigation. I have conducted internal investigations in numerous countries around the world and have been lead counsel in numerous federal and state trials. Prior to joining Latham & Watkins, I was an Assistant United States Attorney for the Central District of California for 11 years and also served as a Special Assistant to the United States Attorney General in connection with the prosecution of the sitting governor of the State of Arizona.

11. I have delivered lectures and instruction throughout the world on conducting internal investigations, financial statement fraud, healthcare fraud and abuse, computer law, cybercrime, computer intrusions and corporate compliance. I am recognized as a leading white-collar crime and government investigations litigation attorney in numerous publications including, Band 1 recognition by Chambers USA, the 2013, 2009 and 2008 editions of The Legal 500 US, and recognition in 2013 by Euromoney as a "Life Sciences Industry Star."

12. Attached as **EXHIBIT F** is a true and correct copy of Robert Malionek's Latham & Watkins profile. According to Mr. Malionek's firm profile and personal knowledge, he is an experienced attorney of almost twenty years and focuses on securities litigation and professional liability defense. Mr. Malionek has tried several cases in state and federal courts and in arbitrations, and has represented clients successfully through appeal in a variety of areas. He has published many articles and chapters and given presentations to various organizations regarding financial disclosures, among other issues. Mr. Malionek has advised numerous clients on complex litigation matters, including lawsuits involving civil RICO.

13. Attached as **EXHIBIT G** is a true and correct copy of Julie Gerchik's Latham & Watkins profile. According to Ms. Gerchik's firm profile and personal knowledge, she is an experienced senior associate with ten years of practice who focuses on litigating financial institutions matters, complex business litigation disputes, securities litigation and regulatory matters, and real estate disputes. Ms. Gerchik frequently represents major domestic and international financial institutions and private equity firms, and currently or previously has represented JP Morgan Chase, Deutsche Bank, Societe Generale, the Carlyle Group and the Yucaipa Companies.

14. Attached as **EXHIBIT H** is a true and correct copy of Noah Fischer's Latham & Watkins profile. According to Mr. Fischer's firm profile and personal knowledge, he is a third year associate with Latham & Watkins and has had three years of experience practicing all types of civil litigation.

15. Based on the level of experience and skill set of each of the billing attorneys discussed above, the billing rates for each attorney are reasonable.

4

16. Prior to filing this motion for sanctions, Almaty and Respondents (collectively, the "Parties") engaged in good faith meet and confer efforts pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.3(a). Attached as **EXHIBIT I** is a true and correct copy of the Parties' email exchange demonstrating the Parties' meet and confer efforts. As reflected in Exhibit D, on November 29, 2016, the Parties met and conferred by telephone regarding Almaty's request for costs and fees (among other items). The Parties met and conferred by telephone again on December 2, 2016. On December 5, 2016, the Parties continued their meet and confer efforts over email. The Parties were unable to reach agreement and Almaty notified Respondents of its intention to file this Letter Motion.

17. Any amount received in connection with Almaty's motion for sanctions will be turned over to Almaty or credited toward its next bill rendered.

Executed on December 8, 2016 in Los Angeles, California.

                                                            /s/ David J. Schindler
                                          David J. Schindler (admitted *pro hac vice*)